# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| LUCILLE DOLGOS and FRANK DOLGOS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | NO. 2:12-CV-163 |
| LIBERTY MUTUAL INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on the "Motion for Remand," filed by Plaintiffs, Lucille Dolgos and Frank Dolgos, on May 10, 2012 (DE #9). For the reasons set forth below, the motion is **DENIED**.

BACKGROUND

On March 29, 2012, Plaintiffs, Lucille Dolgos and Frank Dolgos, filed a complaint for breach of contract against Defendant, Liberty Mutual Insurance Company. (DE #1.) Liberty Mutual removed this action to federal court on the basis of diversity of citizenship jurisdiction on April 25, 2012, asserting that the amount in controversy exceeded $75,000. (DE #2.)

In the complaint, Plaintiffs allege that Liberty Mutual breached a settlement agreement for the personal injury claim of

Lucille Dolgos by failing to pay the agreed upon settlement amount of $20,000. The complaint seeks as damages the settlement amount ($20,0000) plus attorney fees and interest at the rate of 8%. (DE #1, ¶ 6.) Additionally, in the instant motion for remand, Plaintiffs admit that they have made claims for breach of contract and attorney fees as well as punitive damages. (DE #9.) However, Plaintiffs believe the amount in controversy does not exceed or equal the jurisdictional amount of $75,000. *Id.* According to Plaintiffs, on April 20, 2012, their counsel and counsel for Liberty Mutual agreed during a telephone conference that they would draft a stipulation that the case would not exceed the sum of $75,000. *Id.* However, the stipulation was never drafted and without further communication between counsel, Defendant filed this motion to remand.

In its response, Liberty Mutual does not mention the alleged telephone conversation or potential stipulation. Rather, it argues that the damages do meet the jurisdictional minimum. Pursuant to Indiana Code 34-51-3-5, a punitive damages award may not be more than the greater of $50,0000 or 3 times the amount of compensatory damages in the action. Thus, $20,0000 in compensatory damages plus a possible $60,000 in punitive damages could result in a maximum recovery of $80,000, excluding costs and fees.

Plaintiffs failed to file a reply memorandum.

DISCUSSION

Defendant has the burden of showing that this case was removable. *Wellness Cmty-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995); *Hernandez v. Schering Corp.*, No. 05 C 0870, 2005 U.S. Dist. LEXIS 9570, at *2 (N.D. Ill. May 5, 2005); *Height v. Sw. Airlines, Inc.*, No. 02 C 2854, 2002 U.S. Dist. LEXIS 13880, at *8 (N.D. Ill. July 23, 2002); *Fate v. Buckeye State Mut. Ins. Co.*, 174 F.Supp.2d 876, 878 (N.D. Ind. 2001); *Roberson v. Orkin Exterminating Co., Inc.*, 770 F. Supp. 1324, 1328 (N.D. Ind. 1991). The federal courts have limited jurisdiction. *Wellness*, 70 F.3d at 50. A federal court has diversity jurisdiction where the amount in controversy exceeds $75,000 and the parties to the suit are citizens of different states. 28 U.S.C. § 1332(a). In evaluating the existence of diversity jurisdiction, a court may consider punitive damages into the amount in controversy where such damages are recoverable under the applicable state law. *See Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 978 (7th Cir. 2000). A defendant may remove a case that is properly filed in state court if that case could have originally been brought in federal court. 28 U.S.C. § 1441(a).

There is no dispute that the parties in this case are diverse. The only issue is whether the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. A defendant who removes a suit in which the complaint lacks a definite recovery

3

demand must put forth a "good-faith estimate of the stakes [which] is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (citing *Rubel v. Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004)). The Seventh Circuit has clarified the proper standard to be applied when the amount in controversy requirement is contested. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 542 (7th Cir. 2006). Liberty Mutual is not required to establish that the amount in controversy would be exceeded with a reasonable probability. *Id.* (retracting the earlier followed language that a defendant must show a "reasonable probability that jurisdiction exists"). Rather, first, "a proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence." *Id.* at 543. Once those facts have been established, "uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal." *Id.* "Only if it is 'legally certain' that the recovery . . . will be less than the jurisdictional floor may the case be dismissed." *Id.*

Jurisdiction depends upon the amount that was in controversy at the time of removal. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938); *see also Oshana*, 472 F.3d at 510-11 (observing that the amount in controversy is the amount required

4

to satisfy plaintiff's demands in full on the day the suit begins, or in the event of removal, on the day the suit was removed). A post-removal amendment to a complaint, or a post-removal affidavit or stipulation does not authorize a remand. *See In re Shell Oil Co.*, 970 F.2d 355, 356-57 (7th Cir. 1992).

Here, Plaintiffs did not take the proper precautions to prevent original jurisdiction in this court, and a stipulation was not entered before the complaint was filed or before the case was removed. Moreover, Plaintiffs have not showed other facts showing to a legal certainty that the amount is less than required for jurisdiction. *See, e.g., Shadday v. Rodriguez Mahuad*, No. 4:06-CV-88, 2006 WL 2228958, at *4 (S.D. Ind. Aug. 2, 2006) ("[plaintiff] has not asserted, or provided facts in support, that it would be impossible to collect greater than $75,000 from [defendant]."); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 703 (9th Cir. 2007) (citation omitted) ("[W]hen the facts supporting jurisdiction (*i.e.*, that a claim is worth more than $75,000) are established as more likely than not, federal jurisdiction is proper unless the 'opponent' of federal jurisdiction can show to a legal certainty that jurisdiction is not proper.").

In this case, Plaintiffs have not shown, to a legal certainty, that they could not recover an amount in excess of $75,000 based on the circumstances at the time of removal - a complaint demanding $20,000 plus a claim for punitive damages. The Court notes that

5

if Plaintiffs wanted to ensure remaining in state court, they should have filed with the complaint an affidavit or stipulation that they were not seeking damages in excess of $75,000.

CONCLUSION

For the reasons set forth above, the "Motion for Remand," is **DENIED**.

DATED: July 10, 2012          /s/ RUDY LOZANO, Judge
                              **United States District Court**