# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| LUCILLE DOLGOS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|   v. | ) | CAUSE NO. 2:12-CV-163-PRC |
| | ) | |
| LIBERTY MUTUAL INSURANCE COMPANY, | ) | |
|     Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Reconsider or, in the Alternative, Petition to Certify for Partial Interlocutory Appeal [DE 47], filed on October 7, 2013. For the reasons set forth below, the Court denies the motion.

## PROCEDURAL BACKGROUND

Plaintiffs Lucille and Frank Dolgos filed their Complaint against Defendant Liberty Mutual Insurance Company on March 21, 2012, in the St. Joseph County, Indiana, Circuit Court. Defendant Liberty Mutual removed the case to this Court on April 25, 2012, and filed an Answer on May 2, 2012. On May 10, 2012, the Dolgoses filed a Motion to Remand to State Court, which Judge Lozano denied on July 10, 2012.

On September 26, 2012, the parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

Liberty Mutual filed a Motion for Summary Judgment against the Dolgoses on May 24, 2013, which the Court denied in its entirety on September 4, 2013.

On September 16, 2013, the Court held a final pretrial conference in advance of the then October 15, 2013 jury trial setting. At the conference, Plaintiff Frank Dolgos was dismissed as a party plaintiff by agreement of the parties.[1] In addition, the parties agreed that the only matters remaining for trial are prejudgment interest and attorney fees under Indiana Code § 34-52-1-1; as a result, the jury trial was, by agreement, converted to a bench trial. The parties then agreed to set this matter for a judicial settlement conference for October 15, 2013, and to reset the bench trial for October 30, 2013, in the event the case does not settle.

On October 7, 2013, one week before the settlement conference, Defendant filed the instant motion. As a result of the brief time remaining before the October 15, 2013 settlement conference, the Court set a deadline for Plaintiff to respond to the instant motion byOctober 10, 2013 October 10, 2013, at 12:00 noon. Plaintiff filed the response on October 10, 2013, in advance of the deadline.

**FACTUAL BACKGROUND**

The following facts are taken from the Court's September 4, 2013 summary judgment ruling. On February 9, 2010, Plaintiff Lucille Dolgos was injured after slipping and falling at a Hacienda Restaurant. Defendant Liberty Mutual is the insurer of Hacienda Restaurants.

On January 19, 2012, Liberty Mutual and Lucille Dolgos settled Lucille Dolgos' personal injury claim for $20,000.00. Pursuant to the settlement, Lucille Dolgos signed a "Notice and Release and Settlement of Claim" ("Settlement Agreement") dated January 19, 2012, which provides:

> For the sole consideration of: Twenty thousand dollars ($20,000.00) the undersigned hereby releases and forever discharges: HMR Acquisition Company Inc, Hacienda Restaurants, Liberty Mutual Insurance Companies, and all other persons, firms and corporations from all claims and demands, rights and causes of action of any kind of[sic] undersigned now has or hereafter may have on account of or in any way

---

[1] Accordingly, the Court will refer to Plaintiff Lucille Dolgos in the singular throughout this Opinion and Order.

growing out of bodily injury resulting or to result from an occurrence which happened on or about 02/09/2010 and do hereby covenant to indemnify and save harmless the said party or parties from and against all claims or demands whatsoever on account of or in any way growing out of said occurrence or its results to person. This release expresses a full and complete SETTLEMENT of a liability claimed and denied, regardless of the adequacy of the above consideration, and the acceptance of this release shall not operate as an admission of liability on the part of anyone nor as an estoppel, waiver or bar with respect to any claim the party or parties release may have against the undersigned. Witness my hand and seal.

YOU ARE MAKING A FINAL SETTLEMENT.
THIS IS A RELEASE: READ BEFORE SIGNING.

Def. Br., Exh. A.

On March 21, 2012, the Dolgoses filed the instant lawsuit against Liberty Mutual for breach of the Settlement Agreement because Liberty Mutual had not yet paid Lucille Dolgos the $20,000.00 settlement amount.

On April 5, 2012, Medicare Secondary Payer Recovery Contractor ("MSPRC") sent Liberty Mutual an initial summary letter and a Payment Summary Form providing, in part, that "Medicare has identified $403.33 in conditional payments that we believe are associated with your claim . . . ." Def. Br., Exh. B, p. 1. The letter is date stamped as having been received on April 10, 2012. The dates of service on the Payment Summary Form range from July 8, 2010, to February 2, 2012. The letter further provides:

> Please be advised that we are still investigating this case file to obtain any other outstanding Medicare conditional payments. Therefore, the enclosed listing of current conditional payments (including a response of a zero amount) is not a final listing and will be updated once we receive final settlement information from you. It is in your best interest to keep Medicare's payments and the statutory obligations to satisfy Medicare in mind when the final dollar amount is negotiated and accepted in resolution of the claim with the third party.

*Id.* at p. 2.

On September 4, 2012, Liberty Mutual, through counsel, received a Final Determination Letter sent to Lucille Dolgos dated August 27, 2012, which provided that Medicare had not made any conditional payments related to the February 9, 2010 incident.

On December 10, 2012, counsel for Lucille Dolgos received a check for $20,000.00 from Liberty Mutual.

**ANALYSIS**

In the instant motion, Defendant Liberty Mutual seeks reconsideration of the Court's denial of its request for summary judgment on Plaintiff's request for attorney fees or, in the alternative, certification of partial interlocutory appeal on the issue. Liberty Mutual contends that the Court failed to rule on the argument in Liberty Mutual's Motion for Summary Judgment that attorney fees are not available on Plaintiff's breach of contract claim.

Liberty Mutual has misread the Court's summary judgment ruling. The opening paragraph of Section C of the September 4, 2013 Opinion and Order set forth the law that Indiana follows the American Rule, which requires parties to pay their own attorney fees absent an express agreement, statute, or other rule to the contrary. (Sept. 4, 2013 Opinion and Order 10 (citing cases)). The Opinion noted that the Settlement Agreement between Lucille Dolgos and Liberty Mutual contains no provision for the payment of attorney fees, nor do the parties cite any statute that would require Liberty Mutual to pay the Dolgos's attorney's fees. The Opinion went on to acknowledge that the obdurate behavior exception to the American Rule was codified in Indiana Code § 34-52-1-1(b), which allows both defendants and plaintiffs to recover attorney fees if either party "brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless," "continued to litigate the action or defense after the party's claim or defense clearly becomes frivolous,

4

unreasonable, or groundless," or "litigated the action in bad faith." (Sept. 4, 2013 Opinion and Order 10-11 (citing Ind. Code § 34-52-1-1 and cases)). The Court concluded that a ruling on attorney fees was premature because Plaintiff would be entitled to attorney fees under the exception to the rule if they could show that Liberty Mutual litigated in bad faith, as asserted by Plaintiff.

Thus, having recognized the applicability of the American Rule and the absence of any contract or statutory provision allowing for fees, the Court considered Plaintiff's argument that the exception to the American Rule, codified in Indiana Code § 34-52-1-1(b), may still provide for an award of attorney fees. The Court found that, based on the undisputed facts, Plaintiff should be given an opportunity to try to show that Liberty Mutual litigated in bad faith in order to seek fees under the exception. Liberty Mutual acknowledged the applicability of the statutory exception in its reply in support of summary judgment, arguing the merits of whether it had been justified in withholding payment of the settlement amount. In the instant motion as well, Liberty Mutual acknowledges that Plaintiff could potentially be awarded attorney fees under § 32-54-1-1(b).

Accordingly, Liberty Mutual does not meet the standard for an immediate appeal pursuant to 28 U.S.C. § 1292(b), which governs interlocutory appeals:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

The statutory criteria for a § 1292(b) appeal are: "there must be a question of law, it must be controlling, it must be contestable, and its resolution must promise to speed up the litigation." *Ahrenholz v. Board of Trs. of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000). Interlocutory appeals

5

pursuant to § 1292(b) are to be granted sparingly "lest interlocutory review increase the time and expense required for litigation." *Asher v. Baxter Int'l Inc.*, 505 F.3d 736, 741 (7th Cir. 2007).

There is no question of law on the issue of attorney fees to which there is substantial ground for difference of opinion because both parties and the Court agree that the American Rule, which requires parties to pay their own attorney fees, governs and, thus, that Plaintiff is not entitled to fees on the breach of contract claim. Moreover, the parties further agree that the frivolous/bad faith exception to the American Rule, codified in Indiana Code § 34-52-1-1(b), also governs. Liberty Mutual does not question the validity or applicability of § 34-52-1-1(b). Thus, an appeal of the summary judgment ruling will not materially advance the litigation; if anything, an appeal will only serve to unnecessarily delay the litigation. The petition to certify for partial interlocutory appeal is denied.

Nor is there any basis for the Court to reconsider the summary judgment ruling as to attorney fees. A motion for "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1270 (7th Cir.1996). Instead,

> a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered.

*Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990)). "Such problems [that are appropriate for reconsideration] rarely arise and the motion to reconsider should be equally rare." *Bank of*

*Waunakee*, 906 F.2d at 1191 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va.1983)). None of these bases for reconsideration are present in this case. The Court ruled on the attorney fee issue presented in Liberty Mutual's Motion for Summary Judgment, finding that a ruling was premature because of Plaintiff's invocation of the codified exception to the American Rule. To the extent Liberty Mutual was asking on summary judgment or is asking now in the instant motion for the Court to make a determination of issues of fact related to the request for award of attorney fees under § 34-52-1-1(b), that determination is not proper on summary judgment but rather awaits the trier of fact at trial.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** Defendant's Motion to Reconsider or, in the Alternative, Petition to Certify for Partial Interlocutory Appeal [DE 47].

So ORDERED this 10th day of October, 2013.

                                        s/ Paul R. Cherry
                                        MAGISTRATE JUDGE PAUL R. CHERRY
                                        UNITED STATES DISTRICT COURT

cc:    All counsel of record